Jones, J.
It seems to be practically conceded by counsel for plaintiffs in error that no title could be acquired by them under the quitclaim deed of Joseph, whereby he sought to foreclose his right of inheritance from his mother. Such contention could not be sustained, in view of the established law of this state that the expectancy of an heir’s succession to his ancestor’s estate cannot be the subject-matter of release, and that such a covenant will not operate to defeat, by way of estoppel, title afterwards acquired from his mother by inheritance. Needles, Exr., v. Needles, 7 Ohio St., 432, and Hart v. Gregg, 32 Ohio St., 502.
The law of descent and distribution controls the descent of property, and as stated in the Needles case, supra, one cannot by will defeat that law by an executory contract made with his children for the purpose of controlling distribution after his death. However, the chief contention in this case is that while Joseph’s cotenants cannot predicate their privity of title upon the clause in the quitclaim deed, they may invoke such clause in aid of their claim of adverse possession. In support of that view the case of Russell v. Tennant, 63 W. Va., 623, is cited.
Had this deed been made by Joseph to his cotenants for a valuable consideration, that case would be apropos, as holding that while the void provision in the deed might not.confer title upon his cotenants it could be admitted as evidence between the parties to the transaction as showing that the adverse claimants and the grantor in the deed might recognize *559 such deed and its invalid clause as a disseisen of the property, provided, of course, that the possession was taken and maintained for a period of twenty-one years in reliance upon the deed. In such a case, after the payment of consideration, the court could well hold that the possession of the adverse claimants was hostile, and that such clause constituted a disclaimer made by the tenant out of possession, which was tantamount to ouster. But such is not the case here. No consideration was paid by the cotenants in possession. There was no privity of contract between them and the grantor in the deed. In no event could the cotenants assert a legal right under the covenant, for the mother could circumvent a statutory distribution either by her deed or will. When the mother died in 1895, under the decision of Needles v. Needles, supra, an absolute estate vested in Joseph by inheritance from his mother. If the cotenant was disseized by the claimants in possession, such must be proven from their conduct after Joseph acquired his new acquisition. Such proof was not forthcoming. Mary testified that she never made claim to anybody that she and Frank owned the place, and never talked to Joseph about it in his lifetime. The record does not show that either Joseph or George disclaimed title after the mother’s death, but the law will presume that the possession of some cotenants is the possession of all. Mere silence upon the part of the tenants out of possession does not constitute a disclaimer. The burden of proof sustaining the claim of adverse possession, including its hostile character, was upon the plaintiffs in error. The proof must be such as to show an overt act of unequivocal character indicating an as *560 sertion of ownership to the exclusion of the cotenants out of possession. Youngs v. Heffner, 36 Ohio St., 233; Hogg v. Beerman, 41 Ohio St., 81, and 7 Ruling Case Law, 848, Section 42.
There is an entire absence of proof in this regard, showing any adverse possession by the cotenants in possession. They relied solely on the covenant referred to in the deed to Eliza, overlooking the fact that by reason of the invalidity of that covenant Joseph acquired an entirely different interest from that which he conveyed.
The fact that the administrator of Frank brought a suit in the probate court to sell the decedent’s interest in the farm for the payment of debts furnishes no reason for holding the partition suit, begun five months before, in abeyance.
The judgment of the lower courts will be affirmed.

Judgment affirmed.

Marshall, C. J., Johnson and Wanamaker, JJ., concur.
Robinson, J., took no part in the consideration or decision of the case.